UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMONE WILSON** | **CIVIL ACTION** |
| **VERSUS** | **NO:      10-4388** |
| **NEW ORLEANS CITY, ET AL.** | **SECTION: "J" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)** and **§ 1915(e)(2) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**.  Upon review of the record, the Court has determined that these matters can be disposed of without an Evidentiary Hearing.

**I.      Factual Summary**

The plaintiff, Jamone Wilson, ("Wilson") is an inmate in the custody of the Orleans Parish Prison ("OPP") and housed at the House of Detention, in New Orleans, Louisiana.  Wilson filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against the City of New Orleans[1] and the Custodians of House of Detention/ Medical Department.

---

[1] In his Complaint, Wilson refers to the City of New Orleans as "New Orleans City." *See* (R. Doc. 1.)

Wilson contends that he injured his knee as a result of a hole in the floor of the shower located in his living quarters. He complains that the area has not been repaired. He alleges that he had been seen by the medical department but contends that their response was unprofessional and negligent because he has had to endure a lot of pain. He seeks to be compensated for his pain and suffering.

**II.     Standard of Review**

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176

(5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids punishments "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

The United States Supreme Court and the United States Fifth Circuit Court of Appeals have ruled that such "slip and fall" negligence claims simply are not cognizable under 42 U.S.C. § 1983. *See, e.g.*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Noble v. Grimes*, 350 Fed. App'x 892, 893 (5th Cir. 2009); *Atkins v. Sheriff's Jail Avoyelles Parish*, 278 Fed. App'x 438, 439 (5th Cir. 2008); *McLaughlin v. Farries,* 122 Fed. App'x 692, 693 (5th Cir. 2004); *Beasley v. Anderson*, 67 Fed. App'x 242 (5th Cir. 2003); *Benton v. Grant*, 31 Fed. App'x 160 (5th Cir. 2001). Rather, "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979).

Therefore, the plaintiff's claim arising out of a slip and fall are not cognizable under Section 1983 and should be dismissed. To the extent that the plaintiff is complaining about the existence of the hole in the shower, his claim still fails.

"The Constitution . . . does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations and quotation marks omitted). A prison sentence "is not a guarantee that one will be safe from life's occasional inconveniences," such as an uncovered drain hole or hole in the shower. *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982); *see also Rue v. Gusman*, Civ. Action No. 09-6480, 2010 WL 1930936, at *5 (E.D. La. May 11, 2010); *Davis v. St. Charles Parish Corr. Center*, Civ. Action No. 10-98, 2010 WL 890980, at *9 (E.D. La. Mar. 8, 2010). Therefore, the Court finds that Wilson's claim that the City of New Orleans and the Custodians of House of Detention violated the Eighth Amendment is frivolous within the meaning § 1997e.

The Plaintiff also named the "Medical Department" as a defendant. However, a prison's medical department is not a distinct, juridical entity capable of being sued.[2] *Lockhart v. Orleans Parish Sheriff's Dept.*, Civ. Action No. 09-6358, 2009 WL 5210579, at *1 (E.D. La. Dec. 23, 2009); *Martinez v. Larpenter*, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); *Oladipupo v. Austin*, 104 F.Supp.2d 626, 641-42 (W.D. La.2000). Therefore, the plaintiff's claim against the Medical Department is also frivolous.

## IV. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the plaintiff's § 1983 claims against the defendants City of New Orleans and the Custodians of House of Detention/Medical Department be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which

---

[2] The Court notes that the documents attached to Wilson's complaint further shows that he received medical treatment albeit not as swiftly as he would have preferred.( See Form ARP-SA-10/11/2010, Form ARP-SA10/26/2010, Form ARP-SA 11/08/2010). An inmate's disagreement with his medical treatment does not give rise to a constitutional claim under § 1983. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

relief can be granted and/or for naming a defendant who is immune from suit, pursuant to Title 28 U.S.C. § 1915(e), § 1915A, and § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 28th day of December, 2010.

                                                **KAREN WELLS ROBY**
                                            **UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.